IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 8:08CR129 |
| Plaintiff, ) | |
| ) | |
| vs. ) | AMENDED |
| ) | REPORT, RECOMMENDATION AND |
| MICHELLE COLLIER, ) | ORDER ON GUILTY PLEA |
| ) | |
| Defendant. ) | |

After orally consenting to proceed before a magistrate judge, the defendant, together with counsel and in the presence of counsel for government, appeared before the undersigned and tendered a plea of guilty. Before doing so, defendant was advised of the charges, the penalties and the right to appear before a United States District Judge.

After being sworn, the defendant was orally examined by me in open court as required by Federal Rule of Criminal Procedure 11. The defendant was also given the advice required by that Rule. Finally, the defendant was given a full opportunity to address the court, and ask questions.

Counsel for the government and counsel for the defendant were given the opportunity to suggest additional questions by the court. Moreover, both counsel orally certified that they were of the opinion that the plea was knowing, intelligent and voluntary and that there was a factual basis for the plea.

Therefore, I find and conclude that: (1) the plea is knowing, intelligent, and voluntary; (2) there is a factual basis for the plea; (3) the provisions of Rule 11 and any other provisions of the law governing the submission of guilty pleas have been complied with; (4) a petition to enter a plea of guilty, on a form approved by the court, was completed

by the defendant, defendant's counsel and counsel for the government, accompanied the defendant's plea, and was placed in the court file; (5) there are no agreements or stipulations.

**IT IS RECOMMENDED** to Judge Laurie Smith Camp that, after de novo review, she accept the guilty plea and find the defendant guilty of the crime(s) to which the defendant tendered a guilty plea; and

[ ]   she accept any written plea agreement placed in the court file understanding that such acceptance is subject to the provisions of U.S.S.G. Section 6B1.4(d). ("The court is not bound by the stipulation, but may with the aid of the presence report, determine the facts relevant to sentencing.")

[ ]   she not accept the plea agreement at this time, but rather that she consider the Rule 11(c)(1)(C) agreement at sentencing.

**IT IS ORDERED** that if any party desires to object to this report and recommendation, they shall do so no later than 10 calendar days following the date of this report and recommendation or they may be deemed to have waived the right to object to adoption of the report and recommendation.

Dated this 23rd day of June, 2008.

BY THE COURT:

S/ F. A. Gossett
United States Magistrate Judge